UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **NORA BRISBON**<br>　　　**Plaintiff,** | § § § | |
| **VS.** | § § § | **CIVIL ACTION NO. _____** |
| **ZACHARY TYLER and THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS,**<br>　　　**Defendants.** | § § § § § | |

## NOTICE OF REMOVAL

TO THE UNITED STATES DISTRICT COURT:

Defendants, THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, A UTAH CORPORATION SOLE (hereinafter, "CHC"), and ZACHARY TYLER hereby file this Notice of Removal, under Title 28, U.S.C. §1441(a), to remove an action filed against it in the 165th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division. In support of this removal, Defendants would show the Court as follows:

## I.
## STATE COURT ACTION

1. On or about April 6, 2023, Plaintiff initiated a lawsuit in the 165th Judicial District Court of Harris County, Texas, with cause number 2023-22159. On May 6, 2023, Plaintiff filed Plaintiff's Amended Petition, so that the lawsuit currently has the following caption and style: Cause No. 2023-22159, *Nora Brisbon v. Zachary Tyler and The Church of Jesus Christ of Latter-day Saints*. *See* Plaintiff's Original Petition. Exhibit A, Plaintiff's Amended Petition, Exhibit C.

1

2. Plaintiff's Amended Petition alleges various causes of action against Defendants Tyler and CHC for acts of negligence relating to a motor vehicle accident occurring on April 8, 2021 (incorrectly dated April 6, 2019 in the petition) involving Plaintiff Nora Brisbon and Defendant Zachary Tyler. Defendant CHC is the owner of the vehicle that was driven by Defendant Tyler, and Tyler was acting as a volunteer for The Church of Jesus Christ of Latter-day Saints at the time of the accident. *See* Exhibit C.

## II.
## DEFENDANT'S NOTICE OF REMOVAL IS TIMELY

3. Service was made on Defendant CHC by and through its registered agent, Corporate Agent Services, and the summons and pleading was received by CHC on April 12, 2023. *See* Exhibit A. The summons and pleading were never served upon Zachary Tyler, but by agreement with Plaintiff's attorney, Defendant Tyler agreed to make an appearance in this Lawsuit.

4. On May 8, 2023, Defendants CHC and Zachry Tyler filed their answer. *See* Exhibit B. CHC and Tyler are the only defendants, pursuant to Plaintiff's Amended Petition,[1] and no proceedings or orders have yet occurred in the Harris County action. Defendants, therefore, timely file this Notice of Removal within the 30-day time period required by 28 USC § 1446(b).

5. "Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." 28 USC § 1446(b)(2)(B). The 30-day period runs from the actual receipt of the summons and complaint where, as here, both were served together. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 US 344, 354, 119 S.Ct. 1322, 1328-29(1999). Therefore, this Notice of Removal is timely filed in accordance

---

[1] By agreement, two other entities were non-suited by omission in Plaintiff's Amended Petition – neither of those entities was a resident of Texas either.

with 28 U.S.C. § 1446(b), in that it is filed within 30 days of April 12, the date Defendant CHC was served with the summons and complaint.

## III.
## VENUE IS PROPER

6. Venue is proper in the United States District Court for the Southern District of Texas, Houston Division, under 28 U.S.C. §§ 124(a)(5) and 1441(a) because this district and division embraces Harris County, and the removed action has been pending in a District Court of Harris County. Further, Plaintiff alleges that the events giving rise to the occurrence occurred in Harris County.

## IV.
## PARTIES

7. On information and belief, based upon representations in Plaintiff's Amended Petition, Plaintiff is a Texas resident, residing in Harris County. *See* Exhibits A and C at ¶ 2.1.

8. Defendant, Zachary Tyler, is an individual who is a resident of Utah. While he previously lived on a temporary basis in Texas while volunteering for The Church of Jesus Christ of Latter-day Saints, now he is a student at Brigham Young University in Utah, and currently lives in Utah. Furthermore, at all times, his permanent residence was in Utah, where his parents reside.

9. Defendant CHC is a foreign corporation incorporated in and by virtue of the laws of the State of Utah. The high-level officers of The Church of Jesus Christ of Latter-day Saints direct, control, and coordinate the activities of CHC from its headquarters and principal place of business located in Salt Lake City, Utah. "A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business [.]" *See* United States Code §1332(c)(1). A corporation's

principal place of business is determined by the nerve-center test which looks to where the corporation's high-level officers direct, control, and coordinate the corporation's activities. *See Hertz Corp. v. Friend,* 559 U.S. 77, 92-93 (20210); *see also Hoschar v. Appalachian Power Co.,* 739 F.3d 163, 170-71 (4th Cir.2014). A corporation's nerve center is usually its main headquarters. *See Hertz* at 93; *see also Hoschar* at173. By any standard, it is clear that CHC is a citizen of the State of Utah, and is not a citizen of the State of Texas.

## BASIS FOR REMOVAL - DIVERSITY

10. Removal of this action is proper under 28 U.S.C. § 1441, because this action is a civil suit brought in state court and the federal courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332.

11. Removal is proper because there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and Defendants CHC and Zachary Tyler, and because the amount in controversy exceeds $75,000 excluding interest, costs, and attorneys' fees.

12. In Plaintiff's Original Petition and Plaintiff's Amended Petition, Plaintiff has sought damages of "more than $1,000,000.00." *See* Exhibits A and C at ¶ 1.1. Thus, it is facially apparent that Plaintiff's claims exceed the jurisdictional minimum of $75,000.01.

13. Diversity of citizenship exists when a suit is between citizens of different states or citizens of a state and citizens of a foreign state. 18 U.S.C. § 1332(a)(1)-(2). There is now, and was at the time this action was filed, complete diversity between Plaintiff and Defendants Zachary Tyler and CHC.

## VI.
## COMPLIANCE WITH 28 U.S.C. § 1446

14. In accordance with 28 U.S.C. § 1446(a) and Southern District of Texas Local Rule 81, Defendant files this Notice of Removal accompanied by the following exhibits as set forth in LR 81:

1. All executed process in the case –
    - the citation (along with Plaintiff's Original Petition) served upon CHC, attached as Exhibit A;
    - No process was served on Defendant Zachary Tyler;

2. Pleadings asserting causes of action . . . and all answers to such pleadings -
    - Plaintiff's Original Petition is attached as Exhibit A;
    - Defendants' Answer to Plaintiff's Original Petition is attached as Exhibit B;
    - Plaintiff's Amended Petition is attached as Exhibit C;

3. All orders signed by the state court judge – none;

4. State Court Docket Sheet - attached as Exhibit D;

5. An index of matters being file -, attached as Exhibit E; and

6. The list of all counsel of record, including addresses, telephone numbers and parties - attached as Exhibit F.

## VII.
## JURY DEMAND

15. Plaintiff demanded a jury trial in the state court action.

## VIII.
## CONCLUSION

16. In sum, under Texas law, there is complete diversity of citizenship, and thus this Court has jurisdiction of this matter.

5

17. Concurrent with the filing of this Notice of Removal, the Defendants gives written notice to all parties and will promptly file a copy with the clerk of the state court as required by 28 U.S.C. § 1446(d) to effect removal.

18. Therefore, Defendants hereby provide notice that this action is duly removed.

Respectfully submitted,

HICKS THOMAS LLP

BY: *(signature)*

JAMES R. OLD, JR. - ATTORNEY-IN-CHARGE
STATE BAR NO. 15242500
S.D. TEX. NO. 10751
EMAIL: JOLD@HICKS-THOMAS.COM
JERRY W. FANCHER JR. - OF COUNSEL
STATE BAR NO. 24025900
S.D. TEX. NO. 98608
EMAIL: JFANCHER@HICKS-THOMAS.COM
2615 CALDER, SUITE 720
BEAUMONT, TEXAS 77702
TELEPHONE: (409) 241-7252
TELECOPIER: (409) 419-1733

ATTORNEYS FOR DEFENDANTS,
THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, A UTAH CORPORATION SOLE AND ZACHARY TYLER

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 12th day of May 2023, a true and correct copy of the above foregoing instrument was forwarded to all known counsel of record -

Johnny N. Garza, Jr.
Adame Garza, LLP
2223 N. Main Street
Houston, TX 77009

                                                          _____
                                                               James R. Old, Jr.